(71 Misc. Rep. 4C9.)

### In re O'NEIL.

(Supreme Court, Special Term, Albany County.  April, 1911.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 47*)—COMMISSIONER OF EDUCATION—SCOPE OF POWERS.

   The educational law, as amended by Laws 1910, c. 140 (Consol. Laws 1910, c. 16), places on the Commissioner of Education the full responsibility for the management and control of the district schools and their trustees, and requires him to strictly enforce the laws applicable thereto.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 93–99; Dec. Dig. § 47.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 53*)—SCHOOL TRUSTEE—REMOVAL—REVIEW BY COURTS.

   The education law, as amended by Laws 1910, c. 140 (Consol. Laws 1910, c. 16) § 95, authorizes the Commissioner of Education to remove any trustee for willful violation or neglect of duty, when satisfactorily proven.  Section 880 authorizes any person aggrieved by any official act of a district trustee or other officer, school authority, or meeting, to appeal to or petition the Commissioner of Education, and makes the Commissioner's decision final.  *Held*, that where a district school trustee, at a special meeting of taxpayers, called to consider the trustees' report of receipts and disbursements, threatened one of the taxpayers with personal violence, and, after the meeting, but before leaving the school premises, made an assault on him, it was a breach of the trustee's duty to preserve order at the meeting, within section 95, and the order of the commissioner removing him, made on the taxpayer's petition, was final and not subject to review.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 133; Dec. Dig. § 53.*]

Application by Owen W. O'Neil for certiorari to review an order of Andrew S. Draper, as Commissioner of Education, removing him from his position as School Trustee.  Writ denied.

Patrick J. Tierney, for petitioner.
Frank B. Gilbert, for respondent.

VAN KIRK, J.  This application is made upon a notice that the petitioner will apply at the Special Term for an order that a writ of certiorari issue, directed to the Commissioner of Education of the State of New York, commanding him to certify and return all proceedings relating to the petition of Edgar W. Steele for the removal of Owen W. O'Neil as trustee of school district No. 16 of the town of Mooers, Clinton county, N. Y.; also for an order staying the execution of the order of the Commissioner of Education pending the determination of the proceedings upon the writ of certiorari.  The petition of Owen W. O'Neil is attached to said notice.  In said petition it is recited, among other things, that O'Neil is a citizen of the United States and a taxpayer of said school district No. 16; that he has been a trustee of school district No. 16 for 14 years and was last elected to the office in August, 1909, for the term of three years; that on November 23, 1910, the petition of Edgar W. Steele, asking for the removal of O'Neil and the other trustees of said district, was presented to the Commissioner of Education.  Thereafter the answers of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trustees and the reply of Steele were served; and on January 2d, an affidavit of O'Neil answering the reply was sent to the Commissioner of Education and served upon the attorney for Steele. On February 21, 1911, the Commissioner of Education made his decision in which he ordered that O'Neil be removed from his office as trustee of said school district No. 16, and that a special meeting be held at 2 o'clock on Wednesday afternoon, March 15, 1911, for the purpose of filling the vacancy caused by the removal of O'Neil. Then follows a statement of certain grounds upon which it is alleged that O'Neil was wrongfully and illegally removed, as follows: First, that, in making such determination, various rules of law affecting the rights of the parties thereafter were violated to the prejudice of the petitioner; second, that there was no competent proof of the facts necessary to be proved in order to authorize the making of such decision, and that the evidence was wholly insufficient and improper to convict the petitioner of the charges alleged against him; and the petition asks for an order for a writ of certiorari because there is no provision for an appeal from said decision of the Commissioner of Education.

The respondent has filed the affidavit of Andrew S. Draper, Commissioner of Education of the State of New York, in which it appears that on the 7th day of January, 1911, the attorneys for the parties in the proceeding for the removal of O'Neil stipulated that the above-entitled matter be decided, without further hearing or argument or affidavits before the Commissioner of Education, on the petition, affidavits, and papers submitted in said matter; and notice of hearing and right of argument before said commissioner were waived. It further appears by said affidavit that O'Neil was directed by an order of said Commissioner of Education to call a special meeting of the voters of the district and to submit thereat a proper and legal annual report of the receipts and expenditures of the trustees for the preceding school year; that said meeting was called and O'Neil was present at the meeting in his official capacity pursuant to the order; that during the meeting he used offensive and insulting language toward the said Steele, the petitioner in the proceeding for his removal, threatening him with bodily injury by saying, "I will twist your old neck off"; that, immediately after the meeting, and while the parties were still on the steps of the schoolhouse, the petitioner herein assaulted the said Steele by striking him in the face, grabbing him by the chin, and throwing him violently against the schoolhouse; that this reprehensible misconduct of O'Neil constituted a willful violation of his duty as trustee, which consists, among other things, in aiding and transacting the business of the district in an orderly manner.

The question argued before this court at the Special Term, and upon which the motion was decided, was whether or not the decision of the Commissioner of Education, which removed O'Neil from his office as trustee of said school district, is final.

[1] The education law, passed in 1909, was amended by chapter 140 of the Laws of 1910, which took effect in April, 1910. As amended, section 95 provides as follows:

"Whenever it shall be proved to his satisfaction that any trustee * * * has been guilty of any willful violation or neglect of duty under this chapter,

or any other act pertaining to common schools, * * * said commissioner may, by an order under his hand and seal, which order shall be recorded in his office, remove such school officer from his office."

Section 880 of the education law, as amended, provides:

"Any person conceiving himself aggrieved may appeal or petition to the Commissioner of Education who is hereby authorized and required to examine and decide the same, * * * and his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever. Such appeal or petition may be made in consequence of any action: * * * (4) By the trustees of any district, * * * on any other matter upon which they may or do officially act. * * * (7) By any other official act or decision of any officers, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools."

An examination of the education law discloses that the Legislature intended to put upon the Commissioner of Education full responsibility for the management and control, among other things, of the district schools and of their trustees; and to require of him a strict enforcement of the law applicable to such schools and trustees; to make his decision upon all disputes within his jurisdiction, which arose and which were brought before him by appeal or upon petition, in consequence of a violation of the school law, final. Steele, the petitioner in the proceeding for the removal of O'Neil, was a person who was a taxpayer in said school district and who felt himself aggrieved. He filed his petition, and the Commissioner of Education was required to decide the same. That decision was final and conclusive and not subject to review in any place or court whatever, provided that such petition was made by a person aggrieved in consequence of any action by the trustee or trustees of said school district in any "matter upon which they may or do officially act," or by any official act of any school officer concerning any other matter under this chapter or any other act pertaining to common schools.

[2] O'Neil, at the time of the matter complained of by Steele, was a trustee of the school district. He was, with his associate trustees, conducting a special meeting in an official capacity, called under an order of the Commissioner of Education directing him to submit an official report to the electors of the district. During this meeting O'Neil threatened Steele with bodily injury and said, "I will twist your old neck off"; and, immediately after adjournment, but before the parties had left the school premises, he assaulted Steele. Under section 95 of said chapter 140, the Commissioner of Education was authorized to remove O'Neil, if he was guilty of any willful violation or neglect of duty under this chapter or any other act pertaining to common schools. It was the duty of O'Neil, at said special meeting, not only to preserve order in the meeting, so far as the conduct of others present was concerned, but so far as his own conduct was concerned; and this conduct toward Steele was a willful violation of his duty. He was acting officially in conducting the meeting; and, when the commissioner removed him for such willful misconduct or violation of duty, his decision was made upon a petition made in consequence of an action of this school trustee in a matter upon which he officially

acted and in consequence of an action of said trustee concerning a matter under chapter 140 of the Laws of 1910; and therefore the decision of the commissioner was final and conclusive and not subject to question or review by any court whatever.

It seems to me that the action of the Commissioner of Education in removing O'Neil, under the circumstances, was specifically within the spirit of the education law. The commissioner's decision was made in conformity to that law, and was made in a matter which that law intended should be completely and finally under his control.

The authority relied upon by O'Neil is People v. Skinner, 159 N. Y. 162, 53 N. E. 806, in which it is held that the provision of the statute (Consolidated School Laws of 1894, c. 556, tit. 14, § 1), exempting from review by the courts decisions of the State Superintendent of Public Instruction, made upon appeals to him from acts or decisions of local school officers, has no application to an order made by him in the first instance, removing school officers from office. When this decision was made, the school law contained no provision for bringing a matter by petition originally before the Superintendent of Public Instruction. His decisions then were made upon appeals from the decision of local officers only. Under the education law, as it stood in 1910, the Commissioner of Education is given power to make decisions in matters presented to him upon petitions in the first instance, and those decisions are protected from review by the courts in all cases set forth in section 880. The opinion of Judge O'Brien in People v. Skinner is not controlling in this case. In that case the board of education were removed from office for willful misconduct in their official capacity by the State Superintendent of Public Instruction; the matter did not come to him by appeal from the decision of local officers, but came to him directly for decision in the first instance, and such decision was not protected from review by the courts under the school law as it then existed.

We think, for the reasons above given, that the decision of the commissioner is final, and therefore that the writ of certiorari should not issue.

Application denied.