In the Matter of the Application of Louis P. FUHRMANN and Others, as Constituting the Board of Education of the City of Buffalo, Respondents, for a Peremptory Mandamus Order against Ross GRAVES, as Commissioner of Finance and Accounts of the City of Buffalo, Appellant.

Fourth Department, November 29, 1922.

Municipal corporations — mandamus to compel commissioner of finance and accounts of city of Buffalo to countersign warrant for payment of salary of superintendent of schools — superintendent hired by board of education at $10,000 per year — common council reduced estimate for superintendent's salary to $7,000 — common council has power to fix amount to be appropriated for educational purposes but not to fix salaries — board of education has exclusive power to fix salary of superintendent — amount on hand sufficient to pay such salary — Education Law, § 877, subd. 10, and §§ 882, 887, construed — peremptory mandamus order properly granted.

Subdivision 10 of section 877 of the Education Law, providing that " A board of education shall not incur a liability or an expense chargeable against the funds under its control * * * for any purpose in excess of the amount appropriated or available therefor or otherwise authorized by law," does not limit the expenditure by the board to specific items of the budget as estimated by it but merely confines the board's expenditure within the limit of the appropriation for educational purposes made by the common council of the city.

The board of education of the city of Buffalo has the exclusive power under sections 882 and 887 of the Education Law, to fix the salary of the superintendent of schools, and the common council does not have any power in making an appropriation for educational purposes to reduce the salary of the superintendent.

Accordingly, where the superintendent's salary was fixed at $10,000 and the common council assumed to reduce it to $7,000 per year, a peremptory mandamus order compelling the commissioner of finance and accounts of the city to countersign a warrant in favor of the superintendent of schools for one-half his salary for one month on the basis of an annual salary of $10,000 per year, was properly granted, where it appears that there were sufficient funds to the credit of the board of education to pay the warrant on that basis.

APPEAL by the defendant, Ross Graves, from a peremptory mandamus order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 7th day of October, 1922, commanding said defendant to countersign a certain warrant drawn by the board of education of the city of Buffalo on the treasurer of said city.

*William S. Rann, Corporation Counsel [Jeremiah J. Hurley* of counsel], for the appellant.

*Simon Fleischmann [Martin Clark* of counsel], for the respondents.

CLARK, J.:

This is a proceeding instituted by the board of education of the city of Buffalo to compel defendant, who is commissioner of finance and accounts of the city, to countersign a warrant in favor of Ernest C. Hartwell, superintendent of schools, for $416.66, being one-half of his salary for July, 1922, on the basis of an annual salary of $10,000.

Early in the year 1922 the board of education of the city of Buffalo furnished defendant an estimate of the various amounts that would be required for salaries of the superintendent of schools, teachers and the supervising staff, and other employees of the department of education of the city of Buffalo for the fiscal year beginning July 1, 1922. Among the items in that estimate was that of the salary of the superintendent of schools at $10,000 per year. This amount was allowed by defendant, but the common council assumed to reduce it to $7,000 a year and the defendant claims that he had no right to countersign the warrant in question for the superintendent's salary for one-half of the month of July, 1922, on the basis of a $10,000 salary when the common council had only allowed it at $7,000 per year.

On the 1st day of July, 1922, there was placed to the credit of the board of education of the city of Buffalo for educational purposes for the fiscal year beginning at that time, $7,214,219.88, $6,148,627.50 of that amount being for salaries of teachers and

other employees of the department of education, and it is unquestioned but that there were ample funds to the credit of the board of education to pay the amount represented by the warrant which defendant refused to countersign when he was requested to do so.

Subdivision 10 of section 877 of the Education Law (as added by Laws of 1917, chap. 786) provides: "A board of education shall not incur a liability or an expense chargeable against the funds under its control * * * for any purpose in excess of the amount appropriated or available therefor or otherwise authorized by law."

I think this means that the board of education must confine its salary expenditures within the limit of the appropriation for educational purposes, but that it does not limit the expenditure to specific items of the budget as estimated.

Legislation in this State in recent years has tended to enlarge the authority of boards of education in the management of schools in their several localities and to separate them as far as possible from municipal control. Chapter 786 of the Laws of 1917 (adding to Education Law art. 33-A) took a long step in this direction in every way excepting the fixing of salaries, but by chapter 645 of the Laws of 1919 (adding to Education Law, art. 33-B) the matter of fixing salaries of employees of boards of education was placed exclusively in the hands of boards of education.

The common council had the right to determine the total amount the board of education should spend for educational purposes within a given year, but it did not carry with it the right to reduce salaries of teachers. (*Matter of Emerson* v. *Buck*, 230 N. Y. 380.) The effect of what defendant did in refusing to countersign the warrant in question was to vest in him the power to fix the salary of the superintendent of schools, which power he did not possess but which rested exclusively with the board of education. (*Matter of Fleischmann* v. *Graves*, 118 Misc. Rep. 214.)

It was never the intention of the Legislature that after the salaries of school superintendents and teachers had been fixed by the board of education, which was authorized by law to fix salaries and which body was supposedly competent to act in that regard, the act of that board could be rendered of no effect by the capricious act of a commissioner of finance and accounts or comptroller of a city or the common council. If such were the case, it is quite conceivable that a situation might arise where a board of education might absolutely cease to function because of its inability to fix salaries attractive to competent teachers. In this case if the defendant could thus cut down the salary of the superintendent of schools, which had been fixed by the body authorized by law to do so, he would practically have it in his power to control the entire

salary list of the employees of the department of education in the city and that certainly was never intended. (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125.)

It is undisputed that the salary of the superintendent of schools in Buffalo was fixed in 1919 at $10,000 a year and that with the approval of the common council. The salary at that figure was paid regularly from that time down to the time when defendant refused to countersign the warrant in question for the superintendent's salary for one-half of the month of July, 1922.

The board of education had the exclusive authority to fix the salary of the superintendent (Laws of 1919, chap. 645, adding to Education Law, §§ 882, 887), and it is undisputed that there were sufficient funds to the credit of the board of education to pay the warrant on the basis of a salary of $10,000 a year. Neither the defendant nor the common council under these circumstances had a right to cut the salary $3,000 below the amount fixed by the board of education and defendant misunderstood his duties when he assumed to refuse to countersign the warrant that had been issued to pay a portion of the salary of the superintendent as fixed by the board of education.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed, with costs.