In the Matter of the Application of MICHAEL O'DONNELL, Petitioner, for a Prohibition Order against JOHN J. MORRISSEY, Mayor of the City of Cohoes, Respondent.

In the Matter of the Application of GEORGE H. SENECAL, Petitioner, for a Prohibition Order against JOHN J. MORRISSEY, Mayor of the City of Cohoes, Respondent.

Supreme Court, Albany County, May 1, 1934.

*Carter & Conboy*, for the petitioners.

*John A. Brady*, for the respondent.

SCHENCK, J. Petitioners are members of the board of education of the city of Cohoes and each makes application for an order of prohibition commanding the mayor of said city to desist and refrain from proceeding with the hearing of charges which he has filed against them, for their removal as members of said board. Proceedings were commenced by the service of written charges against each petitioner made and verified by the mayor, and it is the contention of the petitioners that the exclusive authority and jurisdiction to hear, try and determine charges against a member of the board of education of the said city rests with the State Commissioner of Education.

On the return of these applications the respondent appeared specially and interposed objections to the jurisdiction of the court to entertain the applications. The objections interposed are without merit. Section 95 of article 4 of the Education Law provides that when it shall be proved to his satisfaction that a member of a board of education has been guilty of any willful violation or neglect of duty, the State Commissioner of Education may remove him from office. It is further provided by article 11, section 309, of the Education Law that for cause shown and after giving notice of the charge and an opportunity to interpose a defense, the State Commissioner may remove any member of a board of education. The question here presented is whether this power to remove by the State Commissioner is exclusive, thereby eliminating the charter provisions of the city of Cohoes relating to educational matters and providing for the removal of a member of the school board by the mayor. Article 33-A was added to the Education Law in 1917 (Laws of 1917, chap. 786), which was subsequent to the adoption of the charter of the city of Cohoes in 1915 (Laws of 1915, chap. 130). Article 33-A establishes a board of education in each city of the State and determines the eligibility of the members, the term of office, the manner in which they are to be chosen and makes provision for the filling of vacancies. It also determines the qualifications, powers and duties and the tenure of office of school superintendents and teachers, and sets forth a comprehensive scheme for the administration of the public school system of the State.

By section 3 of chapter 786 of the Laws of 1917, which created article 33-A of the Education Law, all acts or parts of acts, general or special, inconsistent with the provisions thereof were repealed. There follows a schedule of laws repealed, which does not set forth any part of the charter of the city of Cohoes (Laws of 1915, chap. 130). The repeal section of the 1917 law, section 3, contains this provision: " The repeal of the acts specified in the schedule hereto annexed, or of such inconsistent acts or parts of such acts, shall not affect any right existing or accrued or any liability incurred prior to the passage of this act, and all acts or parts of acts, general or special, not specifically repealed by this act and not inconsistent with the provisions of this act shall remain in full force and effect."

The mere fact that the city charter provision was not enumerated in the schedule of laws repealed annexed to the 1917 law is of no moment for the reason that that chapter repeals all acts or parts of acts, whether general or special, inconsistent with the provisions thereof. While the act of 1917 which became article 33-A of the Education Law is silent on the question of the removal of a member of a school board, it was not necessary to provide therein for such a removal and it would have been inconsistent so to do, as such

provision was already contained in sections 95 and 309 of the Education Law.

It was clearly the intent of the Legislature to place the public school system of this State under the control of the Department of Education and to prevent it being used as a political football. Neither can it be found that it intended that there should be a dual responsibility in the enforcement of the laws relating to education, as this responsibility has been placed squarely upon the Commissioner of Education. Since the right to hear, try and determine all charges of official misconduct on the part of members of a board of education and the right of removal rests in the Commissioner, to reserve to the mayor of a city a like power would be inconsistent with the general scheme of the Education Law and would serve no useful purpose. The Commissioner of Education by reason of his experience in educational matters is peculiarly qualified to hear and determine the issues here presented and it would appear that it was the clear intent of the Legislature to vest in him the exclusive power so to do.

As a result of numerous revisions, the present Education Law covers all matters relating to the schools of this State and provides a course of conduct for the administration of the educational system. Obviously it was intended that the provisions of various city charters inconsistent with the law as formulated through many revisions were to become ineffective, for where the Legislature enacts a statute which affects the entire State and covers the whole subject of the earlier acts, there is an implied repeal. (*People ex rel. Lawrence* v. *Supervisors*, 73 N. Y. 173; *City of Buffalo* v. *Lewis*, 192 id. 193; *Pratt Institute* v. *City of New York*, 183 id. 151; *Matter of New York Institution*, 121 id. 234.) It may well be that, in general, repeal by implication is not favored, but where the provisions of a State-wide statute cannot be given full force and effect without the repeal of a former statute, such former statute must be deemed repealed by implication. Any other construction would tend to defeat the plain intent of the Legislature. If the provisions of two statutes are inconsistent, the latter must prevail as the latest exhibition of the will of the law-making power. (*Matter of Washington S. A. & P. R. R. Co.*, 115 N. Y. 442.)

We are not here concerned with a matter of municipal government, but we are dealing with a subject which is of the greatest concern to the people of this State. Large sums of money are expended annually by the State in the various school districts for educational purposes and in the interest of good government the Legislature has deemed it essential that the responsibility for the control and management of the entire school system should rest in

the Commissioner of Education, whose decision upon all disputes shall be final. (*Matter of O' Neil*, 71 Misc. 469.)

The petitioners further claim that the mayor is without jurisdiction to hear, try and determine these charges for the reason that the provisions of the charter of the city of Cohoes provide that such removal can be had only upon the complaint of a taxpayer. In order to render a decision on these applications it is not necessary to go into the merits of that contention.

While an order of prohibition will not lie to restrain a ministerial act or for the purpose of reviewing an act, it is the proper remedy where the tribunal against which it is sought is acting without, or in excess of its jurisdiction, and where there is no other adequate remedy. (*People ex rel. Evarts* v. *Municipal Court*, 162 App. Div. 477; *Thomson* v. *Tracy*, 60 N. Y. 31.)

The alternative prohibition order prayed for in each application herein will be granted and order may be entered accordingly. No costs.