THE BOARD OF EDUCATION OF THE CITY OF WHITE PLAINS, Plaintiff, v. WALTER ROGERS and Others, Constituting the Common Council of the Said City of White Plains, and GUSTAV E. OLSON, as Commissioner of Finance of the Said City of White Plains, Defendants.

Second Department, December 24, 1937.

*George L. Allin* [*J. Henry Neale* with him on the brief], for the plaintiff.

*Samuel Faile* [*William R. Condit, Corporation Counsel,* with him on the brief], for the defendants.

Davis, J. The controversy is submitted on an agreed statement of facts. The members of the common council have reduced the budget of the board of education for 1938, claiming the right so to act under the provisions of section 268-a of the city charter, enacted in 1917. The total budget was nearly $2,000,000. The reduction was eventually in the lump sum of $16,394.90.

The parties are in agreement that education is a State function and that all boards of education derive their powers from the Education Law. Some degree of control is exercised over the budget of local boards by those in legislative authority of cities, who have the power of appropriation and of determining the amount to be raised by taxes. The extent of that authority depends upon varying charter provisions. (*Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *People ex rel. Hylan* v. *Finegan,* Id. 219; *Matter of Emerson* v. *Buck,* 230 id. 380; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 id. 125; *Matter of Reif* v. *Schwab,* 204 App. Div. 50.) There is no universal rule applicable to all cities. In general, the public school system is under the control of the Department of Education; and the amount of salaries of those in educational work is solely in the hands of local boards of education, and the increases thereof are regulated by the Education Law. On such boards is imposed the responsibility of furnishing an efficient system of education, with large powers expressed and implied. (*Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77; *Matter of Fleischmann* v. *Graves,* Id. 84.) It may be said that no interference with such matters is tolerated, for the State-wide system of general education cannot be left subject to the caprice of local political interests. We state only general well-recognized principles. (See *Smith* v. *Donahue,* 202 App. Div. 656; *Matter of Reif* v. *Schwab, supra; Matter of Bd. of Education, Jamestown,* v. *Baker,* 241 App. Div. 574; *Matter of O'Donnell* v. *Morrissey,* 151 Misc. 315.)

Here there is apparent conflict between the provisions of article 33-A of the Education Law and those of section 268-a of the city charter. Both acts were passed in 1917, the charter section becoming a law about a month prior to the adoption of article 33-A. The subsequent enactment of article 33-B of the Education Law

has no determinative effect on the narrow question presented here, as a majority of the court view it.

We think that it is unnecessary to determine at this time whether there was an implied repeal of the charter section by the later enactment of article 33-A, or whether the terms of the general statute should prevail over those of the local statute. It is sufficient to inquire whether in any event the council, in reducing the budget, acted in accordance with the terms of the charter, assuming that it conferred upon them some power to act.

Section 268-a of the charter regulated strictly the procedure necessary in making a reduction of the budget. The mayor was given notice, as the law required, of the meeting of the board at which the estimate or budget was prepared. There he had the right of inquiry into any item, and all the privileges of the board except the privilege of voting. Thereafter the budget was required to be filed with the clerk of the common council and a copy presented to the mayor, who was given twenty days in which to consider it and make recommendations of reductions in the several amounts fixed therein by the board, except such amounts as were fixed by law. The common council was given no right to increase the amounts or vary the terms and conditions thereof, or to insert any new terms. It was limited to act on such recommendation of the mayor concerning the amount of the budget, and the amount of the budget as amended in accordance with such recommendation, and not otherwise. If the mayor made no recommendations, the budget as filed stood as filed by the board and was included in the annual tax and assessment roll.

The mayor followed the provisions of this section and made recommendations in respect to certain items. These recommendations were not specific as to the particular instances in which reduction was made, but indicated in part that they related to salaries. It is unnecessary to pursue the subject further. The common council at first followed the recommendations strictly; but finally, no doubt influenced by decisions of the courts in cases involving the provisions of charters of other cities, made a general reduction, regardless of the recommendations. This we believe was beyond the statutory power conferred upon them.

We have left certain questions open with the hope that they will never arise. A spirit of conciliation will no doubt bring about a common agreement of policy without a straining for abstract rights. The reduction made was in an inconsiderable amount and may have been made as a test of power.

The controversy should be determined in favor of the plaintiff; and judgment directed for the plaintiff, without costs.

HAGARTY and CARSWELL, JJ., concur; ADEL, J., with whom JOHNSTON, J., concurs, dissents and votes for direction of judgment in favor of defendants, with memorandum.

ADEL, J. (dissenting). I dissent. Section 268-a of the charter delegates to the council, upon the recommendation of the mayor, certain authority, the extent of which is in dispute. The board of education urges that while the amendments to the Education Law of the State of New York did not specifically repeal the provisions of the charter, by implication repeal was effected. Under the known principles of statutory construction that a private or local statute is not deemed repealed by a general act unless it is clearly the legislative intent to effect such repeal, I think otherwise. (*People ex rel. Strough* v. *Canvassers,* 77 Hun, 372; *People* v. *Quigg,* 59 N. Y. 83; *Matter of Commissioners of Central Park,* 50 id. 493; *People ex rel. Burroughs* v. *Brinkerhoff,* 68 id. 259; §§ 171–173 of the article on Statutes and Statutory Construction, vol. 1, McKinney's Cons. Laws.)

The board of education is a corporation separate and distinct from the city and as such is charged by the State with the responsibility of furnishing an efficient system of public education, and in this respect it is not subject to, or controlled by, the municipal authorities. Its powers and duties are found in the Education Law, which likewise imposes obligations upon the city. The powers and duties of the common council are prescribed by the charter of the city. The conflicting statutes must be interpreted so that their wholesome and beneficent effects may be harmoniously applied. The determination is found in the adjudicated cases where similar statutes are construed. (*Matter of Emerson* v. *Buck,* 230 N. Y. 380; *Matter of Fuhrmann* v. *Graves,* 235 id. 77; *Matter of Reif* v. *Schwab,* 204 App. Div. 50, and *Matter of Board of Education* v. *Dibble,* 136 Misc. 171.) From these decisions it may be inferred that the policy that municipal authorities may reduce the total amount of the education budget, but may not reduce detailed items, has been adopted. They can reduce the total amount to be expended, but cannot control the way in which such expenditures shall be made. I do not think that determination of this matter should be made upon the technical grounds advanced in the opinion of the majority. It being my opinion that the council has no right to do more than reduce the total budget, there is no need in specifying the individual amounts reduced, and the attempted specific reductions by the council here may be treated as mere suggestions to the board of education that by reducing those items it can keep within the total amount appropriated.

I think judgment should be directed for the defendants, without costs.

JOHNSTON, J., concurs with ADEL, J.

On agreed statement of facts, judgment directed for plaintiff, without costs.