In the Matter of the Application of GEORGE DONNELLY, Petitioner, for an Alternative Order of Prohibition Prohibiting His Excellency FRANKLIN D. ROOSEVELT, Governor of the State of New York, from Entertaining Charges Against or Removing from Office JAMES J. WALKER, Mayor of the City of New York.*

Supreme Court, Albany County, August 11, 1932.

*Arnstein & Levine*, for the petitioner.

BLISS, J. This is an application for an order requiring the Governor of the State of New York to show cause why an alternative order of prohibition should not be made prohibiting him from hearing charges of misconduct against James J. Walker or removing him from office as mayor of the city of New York and for a stay pending the hearing and determination of this motion. This application is made to a Supreme Court justice at chambers at eleven A. M. The hearing before the Governor is appointed to be held on this same day at one P. M. Previous applications have been denied without prejudice by Mr. Justice McGEEHAN in Special Term, Part I, Bronx county, and also by a Supreme Court justice of the Third Judicial District, who is assigned to the Appellate Division, Third Department.

Section 122 of the Greater New York Charter (Laws of 1901, chap. 466) gives to the Governor authority to remove from office the mayor of the city of New York. Article 12, section 3, of the New York State Constitution, which became effective January 1, 1924, provides: " Every city shall have power to adopt and amend local laws not inconsistent with the constitution and laws of the State,

---

* See, also, 144 Misc. 525.

relating to the * * * removal, * * * of all officers and employees of the city, * * *." The petitioner contends that this provision of the Constitution superseded and repealed section 122 of the Greater New York Charter. He fails, however, to show that New York city has ever exercised in any way the power granted to it by article 12, section 3, of the Constitution.

Notice of this application to restrain the Governor, who is a State officer, has not been given to him as required by section 879 of the Civil Practice Act. A Supreme Court justice at chambers has no authority to restrain a State officer from the performance of a duty imposed upon him by statute. This can be done only at a term of the court and not by a justice in chambers on an *ex parte* application.

The next Special Term in this district is appointed to be held on August nineteenth, eight days from the time of the making of this application. There is, therefore, no necessity for a short notice of motion.

Petitioner's application is denied.