ROBERT J. SHARKEY et al., as Police Commissioners for the City of Lockport, Respondents, *v.* HENRY F. THURSTON, as Mayor of the City of Lockport, Appellant.

124

(Argued May 24, 1935; decided June 11, 1935.)

*James J. Sullivan*, Corporation Counsel, for appellant. The Mayor is given express statutory power of removal and a court is without authority to interfere with that power. (*People ex rel. Jones* v. *Sherman*, 66 App. Div. 235; *People ex rel. Nichols* v. *Mayor*, 19 Hun, 442; *People ex rel. Burby* v. *Common Council*, 85 Hun, 601; *People ex rel. Shannon* v. *Magee*, 55 App. Div. 195; *People ex rel. Miller* v. *Elmendorf*, 57 App. Div. 340; *People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *People ex rel. Deal* v. *Williams*, 51 App. Div. 102.) The Mayor's jurisdiction is exclusive and there is no legal provision for calling in a substitute so that by his not acting it would prevent absolutely a determination of the proceeding. (*Philadelphia* v. *Fox*, 64 Penn. St. 170; *Matter of Leefe*, 2 Barb. Ch. 39; *People ex rel. Shannon* v. *Magee*, 55 App. Div. 195; *Matter of Dunphy* v. *Kingsbury*, 173 App. Div. 49.) The power of appointment carries with it the power of removal. (*Myers* v. *United States*, 272 U. S. 52; *Matter of Shatter* v. *Moses*, 266 N. Y. 413.) The President of the Common Council is without jurisdiction or authority

to hear the charges and any determination made by him would be a nullity. (*People ex rel. Liberty* v. *Cooke*, 188 App. Div. 351; 229 N. Y. 613.)

*J. Carl Fogle* for respondents. Section 20 of the city charter (L. 1911, ch. 870) clearly provides for a trial. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582.) The city charter provides for a hearing before the President of the Common Council. (*People ex rel. Liberty* v. *Cooke*, 188 App. Div. 351; 229 N. Y. 613.) The order of prohibition was proper. (*People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463.) The rule that the Mayor has the sole power of removal only applies where there is no other person or officer qualified to act. (*People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *People ex rel. Pond* v. *Trustees*, 4 App. Div. 399; *People ex rel. Miller* v. *Elmendorf*, 57 App. Div. 340; 168 N. Y. 675; *Wilcox* v. *Supreme Council of Royal Arcanum*, 210 N. Y. 370.)

LEHMAN, J. The Board of Police Commissioners of the city of Lockport consists of four members. It has power to appoint a chief of police. It may, by the affirmative vote of at least three members, remove the chief of police where he is found to be incompetent, negligent or guilty of misconduct. (Charter of the City of Lockport, § 114; Laws of 1911, ch. 870.) The Mayor of the city has power to appoint the members of the Board of Police Commissioners. The city charter (§ 20) provides that " the mayor shall have power to remove any officer appointed under this act, for incompetency, neglect of duty, misconduct or inability to perform the duties of his office * * * but such removal must be founded on specific charges in writing, whereof a copy shall be furnished to such officer, and before such removal he shall have an opportunity to appear in person, or by counsel, and be heard in his defense." The Mayor has filed charges against these plaintiffs, three of the members of the Board, appointed by him. He has

caused them to be served with notice that the charges will be publicly examined and heard before the Mayor in the Common Council chambers, upon a date specified in the notice. Before that date the plaintiffs brought an action to restrain the Mayor from hearing the charges. The action has been transformed, by consent of all parties, into a proceeding for an order of prohibition. The order has been granted and affirmed.

The charges are based upon the conduct of the plaintiffs in dismissing charges of misconduct which the Mayor had preferred against the chief of police. We assume that it conclusively appears upon the record that the Mayor has prejudged the guilt of the plaintiffs before he hears the plaintiffs in their defense. We assume further that the Mayor has determined that the chief of police should be removed and that he has stated, privately and publicly, that if the plaintiffs do not remove the chief of police, he will remove them. The question which the parties have sought to bring up for review is whether under these circumstances, the Mayor is disabled from hearing and passing upon the charges which he has himself preferred.

It is a fundamental rule of our common law, embodied in the Constitutions of our State and Nation, that no person may be adjudged guilty and punished upon a charge of wrongful conduct without a hearing. Decision must await the hearing of the defense. The cause may not be prejudged, and no man may be both accuser and judge. Otherwise a hearing becomes a fiction, and no fiction can destroy constitutional guaranties.

It is said that necessity, at times, dictates a relaxation of the rule. (*Matter of Ryers*, 72 N. Y. 1; *People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156.) That is not entirely accurate. Necessity, whether actual or assumed, can never be a valid ground for depriving any person of a right guaranteed by the Constitution, or impose upon any person the consequences of guilt upon which a fair hearing has not been accorded.

Examination of the cases where argument of necessity, based upon the common welfare, has been given weight, show that they are confined to a narrow field. The right to a hearing before a judge who has not determined the issue in advance has in no case been denied on such ground where determination of guilt may result in the deprivation of liberty or property. Here the plaintiffs were appointed by the Mayor. The power to remove is inherent in the power to appoint, except as restricted by statute. The charter of the city of Lockport has restricted the Mayor's power of removal by provision that removal must be preceded by specific charges and by a hearing of such charges. The plaintiffs' right to a hearing is not based upon common law principles. It is not guaranteed by the Constitution. They cannot be punished for misconduct. Their right to a hearing is derived solely from the statute and is defined by the statute. It follows from the limitation of the Mayor's power of removal. Unless there is implicit in that statutory limitation, a condition that the Mayor may not conduct the hearing, unless he has an open mind, the plaintiffs have not shown any ground of complaint. Thus the question of whether prejudice by the Mayor disables him from hearing the charges he has preferred depends upon the proper construction of the statute.

In statutory construction the courts endeavor to give effect to the legislative intent. In the absence of language so clear that it allows no room for construction, the courts will not ascribe to the Legislature an intention which is contrary to general and well-established rules of justice and fairness, nor will they ascribe to the Legislature an intent to confer an illusory right. Thus when the Legislature grants to an individual a right to a hearing before administrative action may be taken, the courts will ordinarily give effect to the statute by requiring a hearing before an unprejudiced official, where such hearing can be had without disregard of the terms of the statute and

without defeating its purpose. None the less, when the statute clearly requires the hearing to be held before a designated administrative officer, and no other officer can hold the hearing, then the language of the statute may not be disregarded, nor the legislative intent defeated by holding that the officer is disqualified. (*People ex rel. Hayes* v. *Waldo, supra.*)

We apply these general, well-established principles to the facts in this case. The Mayor, under the charter of the city of Lockport, is the chief executive of the city. By virtue of his office he has the power and the duty to supervise its proper administration. He alone has power to appoint the chief officers of the city. That power is unrestricted. His power of removal is limited, however, to the extent that the removal must be for cause upon specified charges, and after a hearing which it is his duty to conduct. If he properly performs his duty of supervision of the administration of the affairs of the city, then he must be in a position to determine whether that administration is efficient, and his power of removal, even though limited, is the instrument by which he can remove those officers who, in his opinion, are lax in the performance of their own duties. Quite evidently he is not to close his eyes to evidence of inefficiency or misconduct disclosed to him in the performance of his duty of supervision. His power of removal is not to be confined to matters upon which he has no personal knowledge, or after charges not made or instigated by him. Here the language of the statute and its obvious purpose leaves no room for construction. He may make charges based upon his own knowledge and remove an officer if, after a hearing, he believes those charges are sustained. He must hear and weigh the defense, not as a judge, but as an administrative officer acting in the light of his personal knowledge. Removal from office follows not as punishment for misconduct, to be determined by a judicial officer, but is an administrative act of the Mayor who,

like other administrators, is expected to act fairly, but whose acts will often be dictated by his personal knowledge. To that extent he must often act both as accuser and judge, and to that extent he must often prejudge the case before formal hearing. Even then the hearing is not futile. It requires formulation of the charge, and a public record of the defense presented. If the charge is substantial and the defense is not a conclusive proof of innocence, the statutory restrictions upon the power of removal are not overstepped.

The argument to the contrary which apparently has persuaded the courts below is that the Legislature has provided that the President of the Common Council has been directed by the Legislature to hold the hearings when the Mayor is disabled from holding an impartial hearing by interest or prejudgment of the cause. The Legislature has not said so in express terms, but it is urged that such direction is implied in the provision of the charter that " in case of the inability of the mayor to attend to his duties, either by absence from the city or other cause, the president of the common council shall act in his stead and be vested with all the authority, duties and powers of the mayor, excepting that of appointment." (§ 57.) The Mayor here is not unable to attend to his duties. He is not even disqualified from performing his duty to hold a hearing upon charges presented by him and which he has prejudged, at least unless there is some other officer designated by the Legislature to act in such case in his place. The statute is not open to the construction that by the designation of another officer, who becomes vested with the powers and duties of the Mayor, when the Mayor is " unable " to perform his duties, the Legislature intended to disqualify the Mayor from holding a hearing which otherwise he would be qualified to hold. The statute, in clear terms, conferred the power of removal and the duty of holding a hearing solely upon the Mayor. He may make the charges. He alone may pass upon

them, so long as he is not "unable" to perform his duties.

In view of our conclusion that the Mayor is under a duty to hold the hearing himself, we do not pass upon the question whether an order of prohibition could issue against him even if he were disqualified from action.

The orders should be reversed, without costs. and the proceeding dismissed.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.