Henry A. Hudson, J.
The petitioner herein the Chief of Police of the City of Oswego, New York, has instituted this proceeding pursuant to article 78 of the Civil Practice Act to restrain the respondent, the Commissioner of Public Safety of the City of Oswego, New York, from holding a hearing upon charges preferred against the petitioner by the respondent. The petitioner further requested an order of the court appointing an impartial person to hear and determine the charges *90 under the inherent power of the Supreme Court in the interests of justice.
There was attached to the petition a substantial number of affidavits indicating that the respondent was prejudiced against the petitioner. No answer was interposed. The allegations of the affidavits, Avhich clearly indicate prejudice and bias on the respondent’s part, must, therefore, be deemed to be true for the purposes of this proceeding.
The respondent appeared and filed an affidavit and orally disputed the power of the court to take any action in respect to the proceeding and furthermore denied the right of the petitioner to any relief as a matter of law. The proceeding came on before the court for a hearing. No evidence was offered as no issue of fact was raised by the respondent. The matter was argued orally before the court and in view of the fact that the petitioner, as Chief of Police of the City of Oswego, had been suspended from office by the respondent pursuant to the provisions of section 201 of the City Charter of the City of Oswego (L. 1895, ch. 394, as amd. by L. 1922, ch. 596, as amd. by Local Laws, 1953, No. 11 of City of Oswego) pending the holding of the hearing in question, additional time was granted by the court upon the application of the petitioner, for the filing of briefs. Subsequently and within a few days thereafter, a proceeding was instituted by the respondent in the Appellate Division, Fourth Department, for an order prohibiting this court from acting in this proceeding. Thereafter the Appellate Division, Fourth Department, denied such application (9 A D 2d 861) and the proceeding is, therefore, before this court for determination.
Section 201 of the Charter of the City of Oswego provides in part as follows:
“ [T]he chief of the police department may be removed by the commissioner of public safety on proof of charges preferred in writing, for illegal, corrupt, or otherwise improper conduct, on which he has had an opportunity to be heard in his own defense, and pending such charges, the commissioner of public safety may suspend the party thus charged.
* #
‘ ‘ Written charges specifying the complaint shall be served upon the defendant, whether he be fireman, policeman or chief, and ample time given him before a hearing is held, at which hearing he shall be entitled to the services of counsel, and no conviction shall be had unless the preponderance of evidence is against said defendant. Pending such charge the commis *91 sioner of public safety may suspend the chief of the fire department or the chief of the police department thus charged, and the chief of the fire department or the chief of the police department, may suspend any member of their department, below the grade- of chief, from duty; and upon hearing and examination of such charges, the commissioner of public safety or the chief of the fire department or the chief of the police department, as the case may be, shall have the power to hear evidence, to bring before him persons, books and papers, by subpoena, as provided by section four hundred four and four hundred six of the Civil Practice Act, and the enforcement of obedience to said subpoena, .and the penalty for a violation thereof or refusal to be sworn and testify upon such hearing, shall be the same and conducted in thb same manner as provided by section four hundred six of the Civil Practice Act, and the said commissioner of public safety, and the chief of the fire department and the chief of the police department, shall have the power to administer an oath for the purpose of said examination, as provided by section three hundred fifty-eight of the Civil Practice Act.”
It is urged by the petitioner that all of the facts and circumstances set forth in the affidavits attached to the petition indicate clearly that the respondent is so prejudiced, biased and unfair insofar as the petitioner’s position as Chief of Police of the City of Oswego is concerned that any hearing held by the respondent would be completely unfair and purposeless, as the respondent had prejudged the issues which would be before him for determination and that it would be impossible for the petitioner to have a fair and unbiased hearing under such circumstances. Petitioner urges, therefore, that he would be deprived of due process of law and be compelled to subject himself to a purposeless and meaningless proceeding.
It was urged on behalf of the respondent that his action in preferring charges against the petitioner and in calling for a hearing pursuant to the provisions of section 201 of the City Charter of the City of Oswego, is an administrative act made in his capacity as Commissioner of Public Safety; that it is an act of the executive branch of the government of the City of Oswego and that it is not subject to judicial interference before such hearing is held. He contends that in the event that his determination of the issues presented upon such hearing are adverse to petitioner, such determination and all proceedings in respect thereto may be reviewed by the petitioner pursuant to the provisions of article 78 of the Civil Practice Act and, therefore, adequate protection under the law is afforded the petitioner. *92 (McGillicuddy v. Monaghan, 280 App. Div. 144; Kapple v. Monaghan, 115 N. Y. S. 2d 599.)
Petitioner urges that if the respondent is permitted to hold ■ such hearing, being completely prejudiced and biased, and having prejudged the charges against the petitioner, that the hearing would amount to a farce and that he would be deprived of due process of law. Assuming that a hearing was held under such circumstances, it should form the ground for relief upon review. (Matter of Rox v. Doherty, 260 App. Div. 260; Cabral v. Gross, 76 N. Y. S. 2d 338; People ex rel. Packwood v. Riley, 232 N. Y. 283; Matter of Fusco v. Moses, 304 N. Y. 424.)
A case very similar to the one here under consideration is Sharkey v. Thurston (268 N. Y. 123). The court stated the above general rule as follows at page 126:
“It is a fundamental rule of our common law, embodied in the Constitutions of our State and Nation, that no person may be adjudged guilty and punished upon a charge of wrongful conduct without a hearing. Decision must await the hearing of the defense. The cause may not be prejudged, and no man may be both accuser and judge. Otherwise a hearing becomes a fiction, and no fiction can destroy constitutional guaranties.
“It is said that necessity, at times, dictates a relaxation of the rule. (Matter of Ryers, 72 N. Y. 1; People ex rel. Hayes v. Waldo, 212 N. Y. 156.) That is not entirely accurate. Necessity, whether actual or assumed, can never be a valid ground for depriving any person of a right guaranteed by the Constitution, or impose upon any person the consequences of guilt upon which a fair hearing has not been accorded.”
However, in that ease the Court of Appeals held that where an administrative officer is the only one designated by statute to hold a hearing on charges, that even though he may have originated the charges himself and apparently was prejudiced against the one charged and which charges were to be heard by him, that he could still hold the hearing. The court expressed its reasons therefor in the following language at pages 128-129:
“We apply these general, well-established principles to the facts in this case. The Mayor, under the charter of the city of Lockport, is the chief executive of the city. By virtue of his office he has the power and the duty to supervise its proper administration. He alone has power to appoint the chief officers of the city. That power is unrestricted. His power of removal is limited, however, to the extent that the removal must be for cause upon specified charges, and after a hearing which it is his duty to conduct. If he properly performs his duty of supervision of the administration of the affairs of the city, then *93 he must be in a position to determine whether that administration is efficient, and his power of removal, even though limited, is the instrument by which he can remove those officers who, in his opinion, are lax in the performance of their own duties. Quite evidently he is not to close his eyes to evidence of inefficiency or misconduct disclosed to him in the performance of his duty of supervision. His power of removal is not to be confined to matters upon which he has no personal knowledge, or after charges not made or instigated by him. Here the language of the statute and its obvious purpose leave no room for construction. He may make charges based upon his own knowledge and remove an officer if, after a hearing, he believes those charges are sustained. He must hear and weigh the defense, not as a judge, but as an administrative officer acting in the light of his personal knowledge. Removal from office follows not as punishment for misconduct, to be determined by a judicial officer, but is an administrative act of the Mayor who, like other administrators, is expected to act fairly, bnt whose acts will often be dictated by his personal knowledge. To that extent he must often act as accuser and judge, and to that extent he must often prejudge the case before formal hearing. Even then the hearing is not futile. It requires formulation of the charge, and a public record of the defense presented. If the charge is substantial and the defense is not a conclusive proof of innocence, the statutory restrictions upon the power of removal are not overstepped.”
In Sharkey v. Thurston (supra), the Mayor of the City of Lockport served notice upon the Board of Police Commissioners that he would hold a hearing upon charges of misconduct on their part for refusing to discharge the Chief of Police, as demanded by the Mayor, after the Mayor had preferred charges against the Chief of Police. The court pointed out that the Commissioners were appointed by the Mayor; that the right of removal was inherent in the power to appoint except as restricted by statute. That the statute required a hearing on specific charges. That the Commissioners could not be punished for misconduct. That unless the statutory provision for the hearing also implied a condition that the Mayor could only hold the hearing if he were open-minded, the Commissioners had no cause for complaint. The court indicated that the Commissioners would not be deprived of liberty or property.
The petitioner in the present case urges strongly that Sharkey v. Thurston can be distinguished because in the present case the Chief of Police will be deprived of his official position and salary, which it is pointed out, is a fixed prop""-1— 'fight. Petitioner *94 further urges that the charges referred to in section 201 of the City Charter, “ illegal, corupt, or otherwise improper conduct ” refer to far more serious charges than referred to in Sharkey v. Thurston, and imply severe punishment upon conviction. Petitioner further points out that section 201 specifically provides that one so charged must he convicted by a preponderance of the evidence, also implying more than ordinary misconduct or violation of rules and regulations for proper conduct of a municipal employee.
While there is much merit in petitioner’s contention and there is a serious question whether the circumstances of the present case do not differ in degree from those passed upon in Sharkey v. Thurston (supra), I believe that the principle there laid down should be applied here.
I am, therefore, of the opinion that the action of the respondent, pursuant to the provisions of section 201 of the City Charter of the City of Oswego, in suspending the Chief of Police and calling a hearing before. himself as Commissioner of Public Safety, is an administrative act of the executive branch of the government of the City of Oswego and that such action cannot be restrained in a proceeding under article 78 of the Civil Practice Act. The provisions of section 201 of the City Charter of the City of Oswego prescribe the manner in which such hearing shall be held and in which testimony shall be taken and specify the burden of proof required to sustain a conviction. In the event the petitioner is dissatisfied with the determination of the Commissioner of Public Safety after such hearing, he has an adequate remedy under article 78 of the Civil Practice Act to review the same upon the evidence taken upon the hearing.
Section 201 of the City Charter of the City of Oswego contains no provision for any substitute hearing officer in the event that the Commissioner of Public Safety is disqualified by reason of prejudice or bias. I believe it is doubtful if this court can, under any of its equity powers, exercise any discretion to vary, modify or extend the provisions of section 201 of the City Charter of the City of Oswego. Such statute can best be modified or changed by action of the legislative body of such city through appropriate amendment of the City Charter if such action is deemed advisable. The application herein is denied, without costs.