529

In the Matter of JACK E. WIDGER, Petitioner, *v.* BOARD OF EDUCA-
TION OF CENTRAL SCHOOL DISTRICT No. 1 OF TOWNS OF ELLICOTT-
VILLE AND OTHER TOWNS, Respondent.

Supreme Court, Cattaraugus County, July 27, 1962.

*Musacchio & Pyle* for petitioner. *Jeremiah J. Moriarty* for respondent.

MICHAEL CATALANO, J.  The petitioner seeks to restrain the respondent Board of Education from exercising any jurisdiction over him in hearing charges signed and filed by all of the individual members of said board, " seeking the dismissal or other punishment " of the petitioner pursuant to subdivisions 2 and 3 of section 3013 of the Education Law.

The board counter-moves to dismiss the petition as a matter of law because of insufficiency.

The petition alleges that the petitioner is a teacher with tenure employed by Central School District No. 1 of the Towns of Ellicottville, Great Valley, East Otto, Franklinville, Humphrey and Mansfield, Cattaraugus County, New York, for more than 26 years, and is married, 54 years old and a veteran of World War II; that on June 29, 1962, a copy of a notice of hearing to be held on July 9, 1962, was served on petitioner, based upon charges signed by all the board members, to be held before the board, seeking the petitioner's dismissal or punishment pursuant to said statute; that on January 26, 1962, at a meeting of the board, it heard certain complaints, then resolved to suspend immediately the petitioner from teaching duties; that the board cannot be fair, unbiased and unprejudiced because the board members have adjudicated the. issues on January 26, 1962, and are the complaints, prosecutors, judges and jurors ready to hear and determine the same issues at another hearing that has been stayed pending a determination of this proceeding.

The board's answer admits the material allegations in the petition and the truth of the exhibits attached thereto.

A Board of Education is the governing body charged with the general control, management and responsibility of the schools of a union free school district, central school district, central high school district or of a city school district. (Education Law, § 2, subd. 14; L. 1947, ch. 820, as amd.)

Central school districts may be organized under and are subject to the provisions of article 37 of the Education Law (Education Law, § 1501) entitled "Central School Districts." Such districts shall be managed by a Board of Education, which shall have the same powers and duties as Boards of Education in union free school districts. (*Ibid.*, § 1804, subd. 1.) The Board of Education of a union free school district is a body corporate (*Ibid.*, § 1701) and has the blanket powers and duties "To have in all respects the superintendence, management and control of the educational affairs of the district, and, therefore, shall have all the powers reasonably necessary to exercise powers granted expressly or by implication and to discharge duties imposed expressly or by implication by this chapter [Education Law, L. 1947, ch. 820, as amd.] or other statutes." (Added by L. 1956, ch. 256, § 2.)

Section 3013 of the Education Law, entitled, "Tenure: certain other school districts" provides, in part: "3. All charges against a person enjoying the benefits of tenure as provided in this section shall be in writing and shall be made to the board of education or trustees."

The question presented here is: Does this Board of Education have jurisdiction to hear, try and determine written charges signed by each member and instituted against a tenured teacher?

There is a strong public policy of this State expressed in the tenure statutes, the purpose of which is to give security to duly appointed, competent members of the educational system who shall not be removed except for specific causes after a hearing on written charges. (*Matter of Boyd* v. *Collins,* 11 N Y 2d 228, 233.)

It is basic common law that no person may be adjudged guilty and punished for a charge of wrongful conduct without notice of the charges and a full, impartial hearing before a tribunal which is not also accuser. (*Sharkey* v. *Thurston,* 268 N. Y. 123, 126.) But where rights and duties are based upon statutes exclusively, this common-law right may be modified or changed.

The power of a Board of Education, being a body corporate extant only by statute, possesses the statutory and inherent power to remove correlative to its power to appoint. (*Ibid.,* 268 N. Y. 123, 127.) The Board of Education is an administrative body, performing an administrative act in disciplining or remov-

ing an employee; it is not a judicial or quasi-judicial body. (*Matter of Sullivan* v. *Board of Educ. of City of N. Y.*, 264 App. Div. 207, affd. 289 N. Y. 672.) It has general powers to superintend, manage and control all educational affairs of its district, including all express or implied powers reasonably necessary thereto. It is the exclusive body to hear the written charges for the removal of a tenured teacher. It may make charges itself based upon the personal knowledge of its members and remove a teacher after a hearing if the members believe those charges are sustained. These members must hear and weigh the defense, not as a court of law, but as an administrative body acting pursuant to the personal knowledge of its members. Often administrative officers or bodies act as accusers and judges, prejudge the case before a formal hearing, make the charges, substantiate the charges, hear the defense and remove an employee, without violating any statutory power or duty. (*Sharkey* v. *Thurston*, 268 N. Y. 123, 129, *supra*; see, also, *Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 468; *People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44, 48–49; *Matter of Kern* v. *La Guardia*, 264 App. Div. 627, 629, affd. 289 N. Y. 776.)

There is an instance when a court may be the accuser and judge, as in the case of a criminal contempt in the immediate view and presence of the court, which may be punished summarily if the contemptuous acts are seen or heard by the Presiding Judge, whose personal knowledge of the facts are stated in the mandate of commitment. (Judiciary Law, § 755; *Matter of Douglas* v. *Adel*, 269 N. Y. 144, 146–147; *Matter of Rotwein* [*Goodman*], 291 N. Y. 116, 119.)

Although the petitioner be a tenured teacher and a veteran of World War II, the latter capacity does not afford him any further rights upon the question herein. (See Civil Service Law, § 75.)

Therefore, it follows that the question should be and is answered: Yes. Petitioner's proceeding is dismissed on the merits; respondent's motion is granted. No costs to either party.