Joseph F. Gagliabdi, J.
By way of order to show cause plaintiff commenced this action for a permanent injunction. Plaintiff is an elected member of the defendant Board of Education (sometimes hereinafter referred to as the “ board ”) of Wappinger Central School District No. 1. Plaintiff and the six other individuals which comprise the defendant school board are public officers within the meaning the section 2 of the Public Officers Law (Matter of Van Allen v. McCleary, 27 Misc 2d 81, 92; 1971 Opns. Atty. Gen. 7; see Metzger v. Swift, 258 N. Y. 440). Individual board members are school officers and trustees (Education Law, § 2, subd. 13; § 2101, subd. 2) and the defendant board being in a union free district is a body corporate (Education Law, § 1701).
The order to show cause stayed an administrative hearing to remove plaintiff for official misconduct. Plaintiff moves for a temporary injunction. Notice of said motion was not required to be given to the Attorney-General since State officers are not involved in this proceeding . (CPLR 6311, subd. 2).
Pursuant to a resolution adopted by defendant on April 23, 1973 counsel for the district was instructed to prepare charges of official misconduct against plaintiff. Eight charges were prepared and submitted to the board at an executive session on May 2,1973. The board found probable cause on three charges. On May 3,1973 an official notice of charges was served on plain *861 tiff. The notice charges plaintiff with the following acts of misconduct:
(1) on October 30, 1972 plaintiff assaulted fellow board member Gerard Carney;
(2) on April 28, 1973 plaintiff released confidential information to the news media in violation of section 3(B) of the board’s code of ethics;
(3) on August 22, 1973 plaintiff released confidential information to the news media in violation of the above ethics provision.
The notice further advises plaintiff that one Bussell Aldrich has been appointed as prosecuting officer and that a hearing on the charges will be held on May 16, 1973. Plaintiff’s attorney received similar notice on May 9, 1973. The defendant refused to adjourn the hearing date despite the apparent short notice which plaintiff’s counsel deemed inadequate for preparation of a defense. Plaintiff appealed to the Commissioner of Education (sometimes hereinafter referred to as the “Commissioner”) for an adjournment which was granted and the matter set down for May 31,1973*. In the interim Gerard Carney appealed to the Commissioner for an order entertaining the removal proceedings at least as to the assault charge. The Acting Commissioner of Education denied the request by order dated May 31, 1973. On the same day I signed the order to show cause which stayed the hearing pending a determination on the motion for a preliminary injunction. The parties requested time to serve additional- papers and the matter was submitted on June 11, 1972. On the latter date, the court was informed that Dr. Zucker, a member of the board, would present a resolution at a board meeting that evening to withdraw some or all of the charges against respondent. The meeting took place but the resolution was not reached. It is possible that Dr. Zucker’s resolution might be acted upon at any meeting conducted by the board but the court believes that it would be inappropriate to withhold a determination herein pending possible board action which might never occur. Consequently, it is hecessary to review the facts and the law applicable to administrative proceedings of this nature where the agency is both accuser and Judge.
*862 In Ms moving papers plaintiff contends that the charges do not constitute grounds for official misconduct and that the board is biased and should be permanently barred from hearing this case. Defendant argues that the stay was improperly granted and that it is qualified to sit in judgment of a fellow member.
The factual situation herein is unfortunate. It appears that plaintiff and Mr. Carney have had physical and verbal altercations in the past. Indeed, on July 12, 1971 the Acting Commissioner denied Mr. Carney’s request for removal of plaintiff although plaintiff admittedly assaulted Mr. Carney sometime prior to the decision date (Matter of Komyathy, 11 Ed. Dept. Rep. 14). The papers further reveal that plaintiff has been a member of the board since sometime in 1970 and has been in a minority position on many matters involving board business. Plaintiff has earned the reputation of being a gadfly and his views have been reported in local newspapers on numerous occasions. Insofar as the subject charges are concerned it is clear that fellow members Carney and Pendell will be witnesses at the hearing regarding the first charge. Furthermore, Mr. Carney has instituted a civil action against plaintiff for damages for the alleged assault. Additionally, Mr. Carney was the only board member to vote for probable cause on all eight charges.
As was noted earlier, defendant argues that under CPLR 6313 (subd. [a]) the court is not authorized to issue an ex parte restraining order against a board of education. Defendant’s reliance upon the cited section and Matter of Donnelly v. Roosevelt (Wallcer) (144 Misc. 687) is misplaced. CPLR 6313 (subd. [a]) prohibits the issuance of a temporary restraining order “ against a public officer, board or municipal corporation of the state to restrain the performance of statutory duties ”. Assuming that defendant falls within one of the protected classes it is clear that the court has inherent power to stay such bodies on a temporary basis where it appears that they will act illegally, i.e., not within the performance of statutory duties (110 Manno Realty Corp. v. Town of Huntington, 61 Misc 2d 702). The moving papers established prima facie that defendant might be acting illegally in conducting the hearing and, consequently, the court properly issued the restraining order.
To place the remaining issues in their proper perspective it is necessary to briefly review pertinent statutory provisions. Under subdivision 1 of section 306 of the Education Law the Commissioner is empowered to remove a member of a board of education for ‘£ wilful violation or neglect of duty ”. Under sec *863 tions 1706 and 2559 of the Education Law the Commissioner is given similar authority “ for cause shown”. Subdivision 18 of section 1709 of the statute gives a school board power to remove a member for “ official misconduct ”. From these provisions it is clear that both the Commissioner and board have concurrent jurisdiction in removal' proceedings against a board member. Nonetheless, since the Commissioner can remove a member “ for cause ” it appears that his power in this regard is broader than the board’s (cf. Matter of Gross v. Board of Educ. of City of N. Y., 46 Misc 2d 987) and that his jurisdiction is regarded as primary (Matter of O’Donnell v. Morrissey, 151 Misc. 315).
The scope of judicial review from orders of the Commissioner is statutorily limited (Education Law, § 310), especially since he possesses judicial functions (Education Law, § 207). Nonetheless, the Commissioner’s orders are reviewable under the arbitrary and capricious test (Matter of Ocean Hill-Brownsville Governing Bd. v. Board of Educ. of City of N. Y., 23 N Y 2d 483; Matter of Vetere v. Allen, 15 N Y 2d 259; Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127). In removal proceedings the Commissioner exercises judicial functions which are reviewable under the aforesaid test (Matter of McGrow v. Wilson, 286 App. Div. 930, mot. for lv. to app. den. 309 N. Y. 1033; see Matter of Hardy v. Commissioner of Educ. of State of N. Y., 66 Misc 2d 984).
The prime issue raised herein is whether defendant can hear the charges of misconduct. Plaintiff contends that the entire board is contaminated and should be disqualified from trying the charges. Subdivision 18 of section 1709 of the Education Law expressly authorizes a board of education to remove a member thereof for official misconduct. The cited section provides that the board of education has the power and duty: “To remove any member of their board for official misconduct. But a written copy of all charges made of such misconduct shall be served upon him at least ten days before the time appointed for a hearing of the same; and he shall be allowed a full and fair opportunity to refute such charges before removal
Thus, the Legislature has determined that a school board may remove a fellow member after a fair hearing. Nevertheless, it is significant that membership in a school board is neither a property right nor other vested right within the meaning of the due process clause of the Federal or State Constitutions and a hearing for removal is not constitutionally mandated. (Matter of Ocean Hill-Brownsville Governing Bd. v. Board of Educ. of *864 City of N. Y., 23 N Y 2d 483, supra; Lanza v. Wagner, 11 N Y 2d 317, 324, app. dsmd. 371 U. S. 74; see Board of Regents v. Roth, 408 U. S. 564). Neither the Legislature nor the Commissioner has set forth guidelines on removal of school board members by their board (cf. 8 NYCRR Part 277). Defendant has decided to utilize the statutory procedure used in removing teachers, with the significant exception of appointing a three-member panel of nonresidents as hearing officers (Education Law, § 3020-a). Consequently, the situation boils down to this: the defendant has initiated removal proceedings, appointed a prosecutor, will conduct the hearing and issue a determination. Plaintiff contends that the procedure is a sham and grossly unfair. The parties aver that the issue is novel in an educational disciplinary context and the court has been unable to find a reported decision by the courts or Commissioner whereby a board sought removal of one of its members.
On at least one occasion a board of education pursuant to statutory authority (Education Law, § 1709, subd. 17) declared a fellow board member’s position vacant, but an appeal therefrom was sustained by the Commissioner (Matter of Konst, 5 Ed. Dept. Rep. 137). Nonetheless, the Commissioner has stated in dicta what is apparent in the statute that boards of education may remove board members (Matter of Motoyama, 12 Ed. Dept. Rep. 244). Furthermore, whatever interpretation is placed upon the Acting Commissioner’s determination in the Carney appeal it is clear that he has sanctioned the within board proceedings.
Removal of a board member constitutes a “ drastic step ” (Matter of Kleiner, 2 Ed. Dept. Rep. 429) and hearings on removal must safeguard “ basic constitutional rights ” (Matter of Donnenberg, 1 Ed. Dept. Rep. 42, 44). Yet, the design of the Education Law is to relegate school administration matters to the Department of Education (Bullock v. Cooley, 225 N. Y. 566, 576-577). However, where the administrative agency appears to be exceeding its powers an aggrieved person has a remedy in court (110 Manno Realty Corp. v. Town of Huntington, 61 Misc 2d 702, supra).
Turning to the basic issue at hand, reference must be had of Judge Lehman’s opinion in Sharkey v. Thurston (268 N. Y. 123, 126) where he stated for an unanimous court:
“It is a fundamental rule of our common law, embodied in the Constitutions of our State and Nation, that no person may be adjudged guilty and punished upon a charge of wrongful conduct without a hearing. Decision must await the hearing *865 of the defense. The cause may not be prejudged, and no man may be both accuser and judge. Otherwise a hearing becomes a fiction, and no fiction can destroy constitutional guaranties.
“It is .said that necessity, at times, dictates a relaxation of the rule. [Citing cases.] That is not entirely accurate. Necessity, whether actual or assumed, can never be a valid ground for depriving any person of a right guaranteed by the Constitution, or impose upon any person the consequences of guilt upon which a fair hearing has not been accorded ’ ’. The court further observed that the rule of necessity was peculiarly applicable in situations not involving divestiture of liberty or property (p. 127). In such cases, where the right to a hearing is derived solely from a statute the rule of necessity applies (ibid.). Accordingly, the court held (p. 128) “ None the less, when the statute clearly requires the hearing to be held before a designated administrative officer, and no other officer can hold the hearing, then the language of the statute may not be disregarded, nor the legislative intent defeated by holding that the officer is disqualified ”. Thus, in Sharkey the Mayor of the City of Lockport was permitted to prefer charges against his appointees, hear the case and render decision.
“ The combination of investigatory, prosecutory and quasi-judicial functions in a single administrative agency'has been authorized by many statutes such as the Labor Law, Alcoholic Beverage Control Law, Vehicle and Traffic Law, and Insurance Law, and is not considered a denial of due process ” (Matter of Buffalo Teachers’ Federation v. Helsby, 35 A D 2d 318, 322, app. dsmd. 29 N Y 2d 649; see Matter of Kiernan v. Bronstein, 73 Misc 2d 629, 633). As noted, these combinations of functions occur in diverse circumstances (see Ann. 97 ALR 2d 1210, License Revocation — Bias; Ann. 39 A. L. R. 1476 Officer — Disqualification— Necessity; R. Rotunda, The Combination of Functions In Administrative Actions: An Examination of European Alternatives, 40 Fordham L. Rev. 101, 102-119). In addition to the areas previously discussed such combinations have been sustained in criminal contempt proceedings (Matter of Katz v. Murtagh, 28 N Y 2d 234), attorney disciplinarles (Matter of Justices of App. Div., First Dept. v. Erdman, 39 A D 2d 223), civil service matters (Matter of Clark, 60 Misc 2d 51) and board of education proceedings against teachers (Matter of Widger v. Board of Educ. of Cent. School Dist. No. 1, Town of Ellicottville, 35 Misc 2d 529). The rule of necessity is designed to prevent a manifest failure of justice and to insure that charges are tried even if prejudgment exists (People ex rel. Hayes v. Waldo, *866 212 N. Y. 156; 1 N. Y. Jur., Administrative Law, § 28). 6 6 It is well settled that where the Legislature vests in a particular officer or administrative agency the sole power of investigation and decision, the Legislature’s purpose cannot be defeated by disqualification of the designated officer or agency on the ground of alleged prejudgment or bias ” (Matter of Kaney v. New York State Civ. Serv. Comm., 190 Misc. 944, 947-948, affd. 273 App. Div. 1054, affd. 298 N. Y. 707). In a very recent decision by my brother, Judge Lee P. Gagliardx, the Federal District Court refused to enjoin the Poughkeepsie City Manager from deciding charges brought by him against a city plumbing inspector (Weiss v. O’Hara, 73 Civ. 264 [S. D. N. Y.] [May 8, 1973]; see prior three-Judge opinion issued same day); rather, the court observed that the question of prejudice was premature and could be raised in an action at law after the administrative determination. Our State court decisions are to the same effect, to wit, where the rule of necessity applies, the question of bias can be reviewed in an article 78 proceeding (People ex rel. Jones v. Scherman, 66 App. Div. 231, 237, affd. 171 N. Y. 684; Matter of Reed v. Richardson, 26 Misc 2d 89).
I have discussed the rule of necessity at length for reasons which shall soon he self-evident. At first Hush one would assume that the doctrine does not apply here where alternative hearing officers are statutorily created. However, in the opinion on the appeal by Mr. Carney the Acting Commissioner seemingly deferred to the board on this matter. The opinion leaves much to he desired. First, it is not clear whether Mr. Carney requested the Acting Commissioner to hear all three charges. Defendant’s counsel herein in a supplemental brief states that Mr. Carney’s request related to only the charge of assault. If that statement is accurate it is clear that the Acting Commissioner has not considered the problems inherent in the lack of definition concerning the release of confidential information charges. This point will he developed infra. The Acting Commissioner’s opinion concluded with the following two sentences:
n lather, since the Board of Education is given the statutory prerogative of initiating removal proceedings for cause against any of its members, it is appropriate that the Board be permitted to conduct the scheduled hearing and - to evaluate the charges brought against Dr. Koxnyathy, who would then, be free to seek judicial review of any result adverse to Ms interests.
sc Heither the best interests of the parties to this appeal nor the orderly administration of justice would be served by the conduct of similar proceedings in separate foranas on *867 substantially the same issues ”, The last sentence makes sense only if Mr. Carney requested a Commissioner’s hearing on part but not all of the charges. The prior-quoted sentence is relied upon by defendant for the proposition that the board of education has the primary duty of acting and that its jurisdiction cannot be usurped by the Commissioner, Whether the Commissioner (through Ms subordinate) has now taken the position that he is powerless to act by virtue of prior board action is not clear. Hence, it was necessary to discuss fully the rule of necessity and its ramifications in light of the Commissioner’s recent action.
Courts are wary of permitting administrative agencies to be both accuser and Judge (Matter of Sengstacken v. McAlevey, 39 A D 2d 965; Matter of Cisco v. McAlevey, 42 A D 2d 567) and in the absence of statutory appointment require an impartial officer to determine the matter (Matter of Waters v. McGinnis, 29 A D 2d 969). Furthermore, even where the Legislature has spoken it has been held that the rule of necessity applies to sole tribunals but not to an agency consisting of several board members where a majority may act if the tainted members are disqualified (People ex rel. Pond v. Board of Trustees of Vil. of Saratoga Springs, 4 App. Div. 399; Ann. 39 A. L. R. 1476, 1479-1482, Officer — Disqualification — Necessity). If the board has primary jurisdiction whereupon the Commissioner is powerless to act — a question that goes to the heart of the matter herein and upon which a more definitive interpretation by the authority charged with administering the statute is required'— then this ease fits neatly within the principles of necessity set forth by the Sharkey and Pond cases (supra).
At bar, the board consists of seven members. Four members constitute a quorum and must agree to carry a resolution (Formal Opinions of Counsel of the State Education Department, No. 70, 1 Ed. Dept. Rep. 770). Plaintiff, of course, is disqualified to sit in judgment of himself. Insofar as the assault charge is concerned it appears that Mr. Carney harbors a certain adverse animus towards plaintiff and the court is inclined to disqualify him, from participating in the determination of that, charge. The record further indicates that this animus may carry over to consideration of the other charges. The court, therefore, holds that Mr. Carney may not participate in the decision-rending aspect of the removal proceedings. Plaintiff urges that as to the charge of assault Mr. Pendell should be disqualified since he was a witness to the evomt, *868 Similarly, plaintiff requests that the entire hoard be disqualified on the remaining charges on the same grounds.
It has been held that where an administrative officer who is designated to hear and determine the charges has personal knowledge of the events, he is not disqualified under the rule of necessity and does not have to call other witnesses to testify (Matter of Kern v. La Guardia, 264 App. Div. 627, 629, affd. 289 N. Y. 776). The mere possession of information regarding conduct of a fellow board member, obtained in a small community, such as involved here, is not sufficient ground to disqualify those sitting in judgment, although they may also be witnesses at the administrative hearing (Moran v. School Committee of Littleton, 317 Mass. 591). Consequently, it is clear that defendant is not acting illegally per se. The board may hear the matter in accordance with the procedure adopted, except that Mr. Carney is disqualified from participating in the determination on these charges.
However, other factors exist here which require discussion. Plaintiff argues that the charges do not constitute grounds for removal and must be dismissed. In the court *s opinion this issue should be passed upon by the Commissioner in the first instance. In this regard the board ought to be cognizant of the fact that only particular assaults present grounds for removal (see Matter of O’Neil, 71 Misc. 469; Matter of Komyathy, 11 Ed. Dept. Rep. 14, supra; Matter of Kellner, 1 Ed. Dept. Rep. 584). The factual pattern herein must be developed before a determination regarding the propriety of removal can be made. Insofar as the remaining two charges are concerned, plaintiff contends that they are so vague as to violate the due process clause. These charges relate to the release of 11 confidential information ” in violation of the board’s code of ethics. The quoted phrase is not defined and apparently was taken in haec verba from section 805-a (subd. 1, par. b) of the General Municipal Law. Section 806 of said statute, as amended in 1970 (L. 1970, ch. 1019, § 3) mandated adoption of a code of ethics by the governing body of a school district. Memoranda discussing the new legislation (§§ 805-a, 806) shed no light on any statutory meaning to be ascribed to the quoted phrase (N. Y. Legis. Annual, 1970, pp. 205, 539). The code of ethics in controversy here was adopted on November 23, 1970, but it is not clear whether plaintiff was a member of the board at that time and, if he were, whether he voted in favor of the resolution. It has been held that a board Hjember may not be removed for public statements made outside board meetings (Matter of Detweiler, 10 Ed. Dept. Rep. 46; *869 Matter of Desilwa, 2 Ed. Dept. Rep. 479; Matter of Rubinstein, 2 Ed. Dept. Rep. 303). In determining whether a board member is to be removed a mere technical violation of applicable rules is insufficient; the violation must be substantial and willful (Matter of Adsit, 2 Ed. Dept. Rep. 55, 57). Research has located only one reported attempt to remove a board member for release of confidential information (Matter of Rainsford, 11 Ed. Dept. Rep. 248). The Commissioner rejected the removal petition in Rainsford but failed to elaborate upon the phrase “ confidential information ”.
Codes of ethics similar to defendant’s have been promulgated in every school district in the State. Indeed, defendant’s version was adopted simultaneously by the various school districts in the municipalities of Wappinger, FishMll, East FishMll, La Grange, Poughkeepsie (all in Dutchess County) and Kent and PMlipstown (in Putnam County). Of course, the court cannot substitute its judgment for that of the Commissioner. Nonetheless, this important question of what constitutes official misconduct within the context of the code of ethics provision regarding release of confidential information should receive uniform application in the educational system. The Commissioner is the one person with the power to achieve that salutory result. The prior appeal herein by Mr. Carney did not present that question; rather, the Acting Commissioner apparently took the position that the institution of charges by the board precluded the Commissioner from conducting his own hearing in regard thereto. Surely, that is not the design of the statutory scheme and the result appears inconsistent with the Commissioner’s own regulations (8 NYCRR 276.1; 8 NYCRR Part. 277).
The Commissioner has ruled in several instances that once an aggrieved person seeks a remedy in court he cannot request further relief from the Commissioner (Matter of Port, 9 Ed. Dept. Rep. 74; Matter of Cohen, 1 Ed. Dept. Rep. 74). TMs rule should not apply to plaintiff at the present time. The prior appeal by Mr. Carney elicited a confusing ruling which impliedly authorized the full board to proceed. I have already held that such action would be illegal in that Mr. Carney cannot sit in judgment on any of the charges. Plaintiff logically sought the within relief in court rather than by presenting his own appeal to the Commissioner wherein the scope of judicial review is severely circumscribed.
Additionally, it must be emphasized that the Acting Commissioner did not expressly rule upon the hearing procedure before the board. In teacher removal cases, as was pointed out earlier, *870 a three-member hearing panel consisting of nonresidents from the school district is empaneled to hear the charges and issue a report (Education Law, § 3020-a, subd. 3, par. c). It is true that the panel’s recommendation is advisory only and may be rejected by the board in whole or in part (Matter of Le Tarte v. Board of Educ. of Lake Pleasant Cent. School Dist., 65 Misc 2d 147; Matter of Bentley, 11 Ed. Dept. Rep. 236; Matter of Cerreta, 11 Ed. Dept. Rep. 131; Matter of Wiles, 11 Ed. Dept. Rep. 69). Nonetheless, this procedure has the built-in. safeguard of an impartial hearing panel and prior report. In the court’s opinion, the absence of such panel in the instant matter, if the board proceeds according to present plan, will not render the proceeding invalid; but it does tend to present another subtle factor upon which to find bias were a determination adverse to plaintiff issued.
To conclude, the court will adhere to the time honored principle that equity will not seriously intervene in the administrative process (McGillicuddy v. Monaghan, 280 App. Div. 144). Further, equity will not enjoin an administrative proceeding to remove an elected officer (Ann. 34 ALR 2d 554, 559, 564, 566-567, Injunction — Public Officer — Removal), particularly in school matters (Cooke v. Dodge, 164 Misc. 78, mod. 254 App. Div. 808). In my opinion, especially in view of the taint attributable to Mr. Carney, the amorphous hearing procedure planned and the nondefinition of the phrase “ confidential information ”, the Commissioner should entertain jurisdiction and hear the removal proceeding. Since concurrent jurisdiction exists, such action by the Commissioner would not be tantamount to usurpation of the board’s powers (cf. Verbanic v. Nyquist, 73 Misc 2d 458). However, the Commissioner is the sole arbiter of his own discretion. Since the board is not legally disqualified from hearing the charges, a refusal by the Commissioner to transfer the matter to himself could not be successfully attacked (cf. Matter of Lynch v. Nyquist, 41 A D 2d 363).
Consequently, the motion for a temporary injunction is denied, but the temporary stay shall remain in effect for an additional ten days from the date of this decision to afford plaintiff an opportunity to present an appeal to the Commissioner for the sole purpose of obtaining his consent to hear the proceeding or, alternatively, to request his guidance on the proper hearing procedure to be utilized before the board. The Commissioner’s determination on these matters shall be conclusive. Plaintiff has his remedy at law if an adverse determination on the merits of the proceeding is rendered at the administrative level.
This constitutes the decision and order of the court.

 This is an appropriate time to dispose of one contention advanced by defendant, to wit, plaintiff’s application of a facet of the administrative proceeding to the Commissioner constituted an election of remedies. The cases cited by defendant are inapposite. This is not a situation where a party sought relief on the merits at the administrative level and, having failed there, then requested similar relief in a different forum. There is no estoppel here; a court would not have granted any less relief and the argument to the contrary is specious.