Alexander Berman, J.
In this article 78 proceeding, petitioners, employees of the City of Long Beach, seek to restrain respondent, City Manager, from discharging them.
The Judicial Conference, through the State Administrative Judge, the Hon. Richard J. Bartlett, has moved, in this matter, for permission to file an amicus curiae brief. That motion has been granted, and such'brief considered in this court’s determination.
Petitioners are respectively, an Accounts Clerk of the City Court, a Clerk in the Traffic Violations Bureau, a Deputy City Marshal attached to the City Court and a Law Assistant to the Judge of the City Court. All of these employees were appointed ,by the City Judge with the approval of the City Manager. They were all notified by respondent on January 18, 1974 that they were to be discharged effective February 18, 1974. None of these employees has been charged with any neglect of duty or other dereliction. They sought and obtained a temporary restraining order, preserving their status pending determination of this proceeding.
The City Judge opposes the termination of these employees, all of whom he states in his affidavit, are satisfactorily performing their duties and are necessary for the proper functioning of the City Court. He further asserts that: “Budgetary provision has already been provided for the four Court employees referred to above, sought to be discharged by the Acting City Manager. Such proposal is firmly opposed by deponent who finds said persons to be efficient and necessary and wishes them to continue. Their proposed discharge was unilaterally *1030 attempted by the Acting City Manager without any discussion whatsoever with the .Court and deponent believes such action to be arbitrary and an unreasonable interference with Court administration. ’ ’
Petitioners likewise contend that the City Manager has no authority to discharge them since they are all under the exclusive jurisdiction of the City Court Judge who appointed them. The respondent, City Manager, on the other hand, submits that section 11 of the charter provisions of Long Beach City (Long Beach City Charter, § 11; L. 1922, "ch. 635) authorizes him to appoint all employees of the city. He rationalizes that if he has the power to appoint, he also has the power to discharge, provided, of course, that such removal does not violate section 75 of the Civil Service Law (prohibition against removal of civil service employees with vested rights). He contends, further, that since none of them passed any competitive tests, they are all provisional employees who may be removed by him without cause. He also submits to the court that the necessity or justification for these petitioners as being essential to the operation of the court or for the Traffic Violations Bureau is questionable. In addition, respondent contends that the appointment of two of the petitioners, Claire Petrone and Mitchell Gilbert, failed to comply with section 22 of the Civil Service Law of the State of New York entitled, “ Certification for new positions”; that a statement of the duties of each of these positions was never submitted to the Long Beach Civil Service Commission as required, and that no certificate was ever issued and that no such title was ever approved or certified.
There is no question but that the appointments of petitioners Claire Petrone and Mitchell Gilbert did not comply with section 22 of the Civil Service Law. An uncontradicted portion of the affidavit of the Civil Service Commissioner, Sidney M. Geller, states: ‘1 That the appointments made to the City Court of Claire Petrone and Mitchell Gilbert were not in compliance with Section 22 of the Civil Service Law of the State of New York entitled ‘ .Certification for New Positions.’ At no time was any proposal made for the creation of such positions; no statement of the duties of the respective positions was ever submitted to the Long Beach Civil Service Commission for its approval, as required by such section; no certificate was ever issued by the Long Beach Civil Service Commission approving the title, and no title was ever approved or certified.”
■Claire Petrone was appointed as an accounts clerk on December 1, 1973, by transfer from her previous provisional desig *1031 nation as a clerk in the Auditing Department of the city. According to the affidavit of the City Judge, she was appointed on that day to replace another clerk who was expected to leave in April because of the expected birth of a child. Concededly, no civil service line was created for this additional position. Although it was expected that she would replace the clerk who was to retire, there was no authority for the appointment in December to fill a possible vacancy to take place in April. Mitchell Gilbert is a second-year law student who serves as a law intern for approximately 12 hours per week, assisting the court with legal research. No civil service line or certification was granted for this position.
Section 22 of the Civil Service Law provides: “ Certification for new positions. Before any new position in the service of a civil division shall be created, the proposal therefor, including a statement of the duties of the position, shall be referred to the municipal commission having jurisdiction and such commission shall furnish a certificate stating the appropriate civil title for the proposed position. Any such new position shall be created only with the title approved and certified by the commission.”
Compliance with this provision of law is mandatory and failure to comply is fatal. Under the circumstances, it must follow that the jobs of the aforesaid Claire Petr one and Mitchell Gilbert were not validly created and there should be no restraint upon their removal by the respondent.
This section of the Civil Service Law, however, is not applicable to the positions held by Frank Gentissi, a Deputy Marshal of the City Court, or Pamela Snow, a Clerk in the Traffic Violations Bureau. As to these two positions, the City Manager claims authority to discharge them under his interpretation of the charter of the city as afore-mentioned. He does not deny, however, that they were duly appointed by the City Judge and that such appointments were approved by the City Manager, the respondent’s predecessor.
It has been disclosed in this proceeding that the Administrative Board of the Judicial Conference is now in the process of preliminary steps outlined in section 212 of the Judiciary Law as a prelude to taking control over all personnel practices of the City Court of Long Beach as defined therein, including: “ Title structure, job definition, classification, qualifications, appointments, promotions, transfers, leaves of absence * * * and removal of non-judicial personnel of the unified court system.” (Judiciary Law, § 212, subd. 1.) The Unified Court *1032 System, as defined in section 1 of article VI of the New York Constitution includes City Courts outside the City of New York.
It is the conclusion of this court that the City Manager lacks authority to remove employees appointed by the City Judge where such appointments have been duly approved by the City Manager, where budgetary approval exists, and where the proper civil service line has been designated (Sharkey v. Thurston, 268 N. Y. 123, 127). In making this determination, the court assesses great weight to the principle that there should be no interference by the executive branch of local government with the operation of the judicial branch. It is axiomatic that if the City Manager has the power to discharge employees of the court, he would have the power then to control the court and hinder its proper function. Furthermore, since there is now an ongoing review of the personnel requirements of the City Court of Long Beach, including the practice and procedure with regard to appointments, job definition, and all of the other related matters concerning nonjudicial personnel, any determination with regard to those positions should await the final action of the Judicial Conference.